**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| **STEVEN B. PITRE,** | * | CIVIL ACTION: | TBD |
| **Plaintiff** | * | | |
| v. | * | SECTION: | TBD |
| | * | | |
| **WALMART INC.,** | * | JUDGE: | TBD |
| **WAL-MART LOUISIANA, LLC, and** | * | | |
| **WAL-MART REAL ESTATE** | * | MAG: | TBD |
| **BUSINESS TRUST** | * | | |
| **Defendants** | * | JURY TRIAL DEMANDED |  |
| | * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants, Walmart Inc. f/k/a Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Real Estate Business Trust (collectively, "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**STATEMENT OF GROUNDS FOR REMOVAL**

1.

On February 13, 2020, Plaintiff, Steven B. Pitre, filed a Petition for Damages (the "Petition") against Wal-Mart Stores, Inc. (an entity now known as Walmart Inc., and hereinafter referred to as Walmart Inc.),[1] Wal-Mart Louisiana, LLC, Wal-Mart Real Estate Business Trust, and a fictitious party identified as "Marvin Doe," in the 18th Judicial District Court for the Parish

---

[1] In his Petition for Damages filed in the State Court Action, Plaintiff improperly identified "Walmart Inc." as "Wal-Mart Stores, Inc." Walmart Inc. is an entity formerly known as Wal-Mart Stores, Inc.

1

of Iberville, State of Louisiana, bearing docket No. 79716, Division "B" (the "State Court Action"). Copies of the citations and Petition for Damages served on Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Real Estate Business Trust are attached as Exhibits "A," "B," and "C," respectively.

2.

On April 1, 2020, Defendants filed an answer in the State Court Action. A copy of said Answer is attached as Exhibit "D".

3.

In Plaintiff's Petition, at Paragraph 4, Plaintiff describes riding his bicycle on February 15, 2019, "when the bicycle malfunctioned causing him to fall off of the subject bicycle, causing severe and debilitating injuries to his body including partial paralization [sic] among other injuries."  See Petition for Damages, attached as Exhibit "A."

4.

In Paragraph 25 of his Petition, Plaintiff goes on to state he sustained the following injuries: "Past and future medical expenses, past and future loss wages, past and future physical pain and suffering, past and future mental pain and suffering, past and future mental anguish and distress, loss, permanent scarring and disfigurement, loss of enjoyment of life, permanent impairment and all other injuries to be proven at the trial of this matter." *See* Petition for Damages, attached as Exhibit "A."

5.

In accordance with Louisiana law, Plaintiff's Petition does not identify any of Plaintiff's injuries or damages with particularity, nor specify any amount of damages suffered by Plaintiff to determine the amount in controversy.

2

6.

Based on the allegations and information contained in the Petition, this matter was not initially removable in light of the amount in controversy requirement of 28 U.S.C. §§ 1332(a). Plaintiff's allegations concerning his injuries were vague and largely generic, and they failed to identify with any specificity the parts of his body affected, the length of time affected, the nature or extent of treatment necessitated by the injuries, or the cost of such treatment or anticipated future treatment.

7.

On April 1, 2020, the same day as filing its Answer, Defendants propounded written discovery on Plaintiff, including a request for admission relating to the value of this matter.

8.

Plaintiff failed to respond timely to the foregoing written discovery. Defendants, therefore, conducted a meet-and-confer conference and then filed a Motion to Compel, attached as Exhibit "E." Following the hearing on the Motion to Compel, Plaintiff provided responses to Walmart's written discovery on August 13, 2020.

9.

In his August 13, 2020, written discovery responses, Plaintiff unequivocally states his damages exceed $75,000.00, exclusive of interest and costs. *See* Plaintiff's Responses to Walmart's Requests for Admissions, attached as Exhibit "F." Further, Plaintiff produced a self-created Medical Summary which calculates his total expenses as $134,933.52. He also produced invoices from various medical providers evidencing over $100,000.00 in medical charges. *See* Excerpts of Plaintiff's Discovery Production, including Hospital Charges from OLOL, and Medical Summary created by Plaintiff, attached as Exhibit "H."

10.

Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of this "other paper," from which it may now be ascertained, for the first time, that the amount in controversy exceeds $75,000 and that the case has now become removable.

11.

The Notice of Removal is also being filed within one year of commencement of this action, pursuant to 28 U.S.C. § 1446(c).

12.

This Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship of the parties, the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and this action may be removed to this Honorable Court pursuant to 28 U.S.C. §1441.

**PARTIES**

13.

Plaintiff, Steven Pitre, is a citizen, resident, and domiciliary of the State of Louisiana. There are no other plaintiffs in this action.

14.

Defendants are:

a. Walmart Inc. f/k/a Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company;

4

b. Wal-Mart Louisiana, LLC, a Delaware limited liability company with its principal place of business in Bentonville, Arkansas. Its sole member is Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company; and

c. Wal-Mart Real Estate Business Trust, a business trust organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. One-hundred percent (100%) of the voting shares of beneficial interest in Wal-Mart Real Estate Business Trust are controlled by Wal-Mart Property Co., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. All shares of stock in Wal-Mart Property Co. are owned by Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its

5

principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

15.

"Marvin Doe" is a fictitious name whose citizenship **shall** be disregarded in determining whether this civil action is removable on the basis of the jurisdiction, pursuant to 28 U.S.C. §1441(b)(1).[2]

16.

Complete diversity of citizenship is therefore present between Plaintiff, Steven Pitre, and all non-fictitious Defendants.

## AMOUNT IN CONTROVERSY

17.

Plaintiff's Petition seeks recovery of damages for personal injuries allegedly sustained by Plaintiff when he fell off his bicycle on February 15, 2019. His petition does not identify with specificity the nature or extent of his injuries, or the amount of damages claimed attendant thereto. *See* Petition for Damages, attached as Exhibit "A."

18.

On August 13, 2020, undersigned counsel received "other paper," consisting of responses to Walmart's April 1, 2020 Requests for Admission, Interrogatories, and Request for Production of Documents. In his response to the Requests for Admission, Plaintiff unequivocally states his

---

[2] Out of an abundance of caution, and in light of Plaintiff calling this fictitious party "Marvin" Doe rather than "John" Doe, Defendants hereby attach the Affidavit of Claire Casso confirming there is not now, nor has there been, any employee of the subject Walmart by the name of "Marvin Doe" for at least the last sixteen years. *See* Exhibit "G."

6

damages exceed $75,000.00, exclusive of interest and costs. *See* Plaintiff's Responses to Walmart's Requests for Admissions, attached *in globo* with all written discovery responses as Exhibit "F."

19.

Plaintiff's response to Walmart's Request for Production of Documents, also received by Walmart on August 13, 2020, includes documentation for over $100,000.00 of medical treatment. *See* Excerpts of Plaintiff's Discovery Production, including Hospital Charges from OLOL, and Medical Summary created by Plaintiff, attached as Exhibit "H."

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

20.

The 18th Judicial District Court for the Parish of Iberville is located within the United States District Court for the Middle District of Louisiana. Therefore, venue is proper in the Middle District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.

All non-fictitious defendants concurrently bring this removal. Accordingly, all non-fictitious defendants to this action concur and join in the removal of this action.

22.

Defendants have not sought similar relief with respect to this matter.

23.

The prerequisites for removal under 28 U.S.C. §1441 have been met.

24.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, Defendants have given notice to all adverse parties whose identities are known, and Defendants are filing a copy of this Notice of Removal with the Clerk of the State Court from which this matter is being removed. *See* Notice of Removal of Action to Federal Court, which is being filed in the State Court Action and which is attached as Exhibit "I."

25.

Defendants file this Notice of Removal without waiving any defenses available to them, including, but not limited to, defenses available under Rule 12 of the Federal Rules of Civil Procedure.

26.

The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Louisiana.

27.

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), a copy of all process, pleadings, and orders served upon Walmart are attached hereto within Exhibits "A", "B", "C," "D," "E," "I," and "J."

## REQUEST FOR JURY

28.

Defendants hereby request a jury trial in this matter.

**WHEREFORE,** Defendants, Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Real Estate Business Trust file this Notice of Removal and remove this civil action to the United States District Court for the Middle District of Louisiana. Plaintiff is notified to proceed no further in the State Court Action unless this case should be remanded by Order of said United States District Court.

        **Respectfully submitted,**

        \_\_/s/ Quincy T. Crochet_____
        **QUINCY T. CROCHET, Bar No. 30457**
        **P. SINNOTT MARTIN, Bar No. 37218**
        **KATHERINE L. SWARTOUT, Bar No. 36694**
        **MCCRANIE, SISTRUNK, ANZELMO**
        **HARDY, MCDANIEL & WELCH**
        909 Poydras Street, Suite 1000
        New Orleans, LA   70112
        Telephone:   (504) 831-0946
        Facsimile:   (800) 977-8810
        E-Mail:   qtc@mcsalaw.com
        *ATTORNEYS FOR DEFENDANTS, WALMART INC., WAL-MART LOUISIANA, LLC, AND WAL-MART REAL ESTATE BUSINESS TRUST*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Notice of Removal* has been served upon the following counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 11th day of September, 2020.

        \_\_\_/s/ Quincy T. Crochet_____
        **QUINCY T. CROCHET**