| CITATION | | **SERVE** |
|---|---|---|
| **STEVEN B PITRE** |  | Case: 079716<br>Division: B |
| Versus | | 18th Judicial District Court<br>Parish of Iberville |
| **WAL-MART STORES, INC., ET AL** | | State of Louisiana |

The State of Louisiana and said Court to
   WAL-MART STORES, INC.
   CT CORPORATION SYSTEM
   3867 PLAZA TOWER DRIVE
   BATON ROUGE, LA  70816

You are hereby summoned either to comply with the demand contained in the ORIGINAL-SUIT FOR DAMAGES petition of the said STEVEN B PITRE a copy of which accompanies the citation, or deliver your answer to the said petition in the office of the Clerk of said Court, held at the Court House at Plaquemine, in said Parish, within 15 days after the service hereof, under penalty of default.

WITNESS THE HONORABLE TONYA S LURRY, JUDGE OF SAID COURT, this 13TH day of FEBRUARY, 2020.

_____
Deputy Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service      $_____
                                      By: _____
Mileage     $_____                  Deputy Sheriff

Total        $_____

[ ORIGINAL ]

EXHIBIT A



CIVIL SUIT NUMBER: 79716-B

**STEVEN B. PITRE**                               **18TH JUDICIAL DISTRICT COURT**

**VERSUS**                                       **PARISH OF IBERVILLE**

**WAL-MART STORES, INC.,**
**WAL-MART LOUISIANA, LLC**
**WAL-MART REAL ESTATE**
**BUSINESS TRUST & MARVIN DOE**            **STATE OF LOUISIANA**

## PETITION FOR DAMAGES

NOW BEFORE THE COURT comes Petitioner, STEVEN B. PITRE, a resident of lawful age of the Parish of Iberville Parish, State of Louisiana, who represents as follows:

1.

Made defendants here are:

WAL-MART STORES, INC., (hereinafter "WAL-MART") is a foreign corporation licensed to and doing business in the State of Louisiana. Service of process may be effected upon this defendant, through its agent for service, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

WAL-MART LOUISIANA, LLC., (hereinafter "WAL-MART") is a foreign corporation licensed to and doing business in the State of Louisiana. Service of process may be effected upon this defendant through its agent for service, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

WAL-MART REAL ESTATE BUSINESS TRUST, (hereinafter "WAL-MART") is a foreign corporation licensed to and doing business in the State of Louisiana. Service of process may be effected upon this defendant through its agent for service, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

MARVIN DOE, believed to be a manager at Wal-Mart at the time of the incident, who may be served at his place of employment 59690 Belleview Drive, Plaquemine, Louisiana 70764.

2.

Venue is proper pursuant to Louisiana Code of Civil Procedure Article 74 because the incident occurred in Iberville Parish.

3.

The aforementioned defendants are liable unto petitioner, individually, jointly, severally and in solido, for an amount which is reasonable in the premises and which will fully and adequately compensate plaintiffs for injuries and losses which they have sustained together with

EXHIBIT A

legal interest from the date of judicial demand, for all costs of these proceedings, and for all general and equitable relief for the following reasons to wit:

4.

On February 15, 2019, STEVEN B. PITRE (hereinafter "PITRE") was riding his bicycle in Plaquemine, Iberville Parish, Louisiana when the bicycle malfunctioned causing him to fall off of the subject bicycle, causing severe and debilitating injuries to his body including partial paralization among other injuries.

5.

Prior to this incident, Petitioner purchased the subject bicycle at WAL-MART in Plaquemine with the assistance of the manager, MARVIN DOE.

### NEGLIGENCE

6.

The defendant, MARVIN DOE, was an employee of WAL-MART, and in particular worked in the toys section of the store, and encouraged PITRE to purchase this particular bicycle.

7.

MARVIN DOE, in his employment capacity with WAL-MART, recommended and assisted Mr. Pitre in the purchase of the subject defect and dangerous bicycle which ultimately lead to the permanent and debilitating injuries suffered by Petitioner.

8.

Petitioner alleges that the above described incident was due to the negligence and/or fault of defendant, MARVIN DOE in the following non-exclusive respects:

    A. Failing to have knowledge in the department of toys;
    B. Failure to remove defect products from the stream of commerce;
    C. Failure to inform purchaser of defects in subject bicycle;
    D. Failure to sell safe products;
    E. Selling a defective product;
    F. In encouraging Pitre to purchase this particular bicycle over the many other available for purchase;
    G. Failing to adhere to policies and procedures intended to protect purchasers and/or patrons;
    H. All other acts of negligence to be shown more specifically at a trial on this matter.

9.

Defendant MARVIN DOE committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the accident in question and of the injuries to Petitioner, the physical pain and mental anguish he suffered, and of the damages suffered by Petitioner.

EXHIBIT A

10.

Pursuant to Louisiana Civil Code Article 2320, under the theory of *Respondeat Superior*, defendant, WAL-MART is answerable for the offenses and quasi offenses committed by their employees as well as any and all damages occasioned by their employees in the exercise of the functions in which he is employed.

11.

WAL-MART is responsible for the permanent and debilitating injuries sustained by Petitioner under the theory of *Respondeat Superior* in that in all times pertinent herein, MARVIN DOE was acting in the course and scope of his employment for WAL-MART at the time of the incident.

12.

Furthermore, WAL-MART is responsible for the permanent and debilitating injuries sustained by Petitioner due to the negligence of WAL-MART in the following respects:

a) Failing to properly train, instruct, and supervise employees/managers;
b) Failure to properly warn patrons/purchasers;
c) In failing to remove bicycles with known defects from its inventory;
d) All other acts of negligence to be shown more specifically at a trial on this matter.

13.

Defendant WAL-MART committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the accident in question and of the injuries to Petitioner, the physical pain and mental anguish he suffered, and of the damages suffered by Petitioner.

## DESIGN DEFECT

14.

At the time the bicycle in question was designed, manufactured, and sold by Defendant, WAL-MART, the same was defective in design and unreasonably dangerous which was a producing cause of the injuries to Petitioner, the physical pain and mental anguish he suffered, and of the damages suffered by Petitioner.

15.

At the time the defective product left the control of Defendant, WAL-MART, there existed, a safer alternative deign that was both economically and technologically feasible. The benefit of the safer alternative design would not decrease the utility of the product in any significant regard that would warrant and cause its exclusion.

16.

At the time of the accident in question, the subject bicycle was substantially the same condition as it was when it was placed into the stream of commerce by WAL-MART.

17.

WAL-MART knew or should have known that bicycles such as the one in question were unreasonably dangerous, yet continued to manufacture, design, market and sell this product to consumers, which action was a producing cause of the accident in question and of the injuries to Petitioner, the physical pain and mental anguish he suffered, and of the damages suffered by Petitioner.

## BREACH OF WARRANTIES

### (i) *BREACH OF EXPRESS WARRANTIES*

18.

As a result of the defective and unreasonably dangerous condition of the bicycle in question, WAL-MART in selling the bicycle in question in such condition breached express warranties. These breaches of express warranties were a producing cause of the incident in question and of the injuries of Petitioner, the physical pain and mental anguish he suffered, and the damages suffered by Petitioner.

### (ii) *BREACH OF IMPLIED WARRANTIES*

19.

As a result of the defective and unreasonably dangerous condition of the bicycle in question, Defendant WAL-MART in selling the vehicle in question in such condition, breached implied warranties of merchantability and fitness. Such breaches of implied warranties were a producing and proximate cause of the accident in question and of the injuries to Petitioner, the physical pain and mental anguish she suffered, and of the damages suffered by Petitioner.

## MARKETING DEFECT

20.

Both prior to and subsequent to the sale of the vehicle in question, Defendant WAL-MART marketed the vehicle for safe use by the public which action was a producing and proximate cause of the accident in question and of the injuries to Petitioner, the physical pain and mental anguish he suffered, and of the damages suffered by Petitioner.

EXHIBIT A

## WARNINGS DEFECT

21.

Both prior to and subsequent the sale of the vehicle in question, WAL-MART designed, manufactured, distributed, and sold said vehicle in question with defective and inadequate warnings. The defect in the warning existed at the time the vehicle in question left the control of WAL-MART.

22.

The likelihood and gravity of danger associated with the product and the feasibility of adding the proper warning far outweighed the ability of the user to anticipate the risk. Additionally, WAL-MART had a continuing duty to warn of the defective nature of its product after the product left its control.

23.

The defective and inadequate warnings caused the incident in question and the injuries to Petitioner, the physical pain and mental anguish he suffered, and the damages suffered by Petitioner.

24.

The Defendants herein are individually, jointly and in solido indebted unto plaintiff for such damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

25.

Petitioner, Steven B. Pitre sustained the following injuries as a result of the defendants' negligence:

> *Past and future medical expenses, past and future loss wages, past and future physical pain and suffering, past and future mental pain and suffering, past and future mental anguish and distress, loss, permanent scarring and disfigurement, loss of enjoyment of life, permanent impairment and all other injuries to be proven at the trial of this matter.*

WHEREFORE PETITIONER PRAYS THAT this petition be deemed good and sufficient and that a copy of this petition be served upon defendants in accordance with law, and that after due proceedings had that there be judgment herein in favor of the petitioner as pled herein and against the defendants in an amount reasonable within the premises plus all legal interest from the date of judicial demand and for all costs of these proceedings.

EXHIBIT A

Respectfully Submitted,

BY: _____
ROBERT M. MARIONNEAUX, JR., #23848
AMIRA A. MAKKE, 37291
660 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Telephone: (225) 330-6679
Facsimile: (225) 330-6680
Email: robmarionneaux@aol.com
Email: amira@makkelawfirm.com

**PLEASE SERVE:**

WAL-MART STORES, INC.
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

WAL-MART LOUISIANA, LLC.
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

WAL-MART REAL ESTATE BUSINESS TRUST
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

MARVIN DOE
59690 Belleview Drive
Plaquemine, Louisiana 70764

Page 6 of 7

s/Jacelyn C. Tatten

A TRUE COPY
DATE _____

EXHIBIT A

CIVIL SUIT NUMBER: _____

| | |
|---|---|
| STEVEN B. PITRE | 18TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF IBERVILLE |
| WAL-MART STORES, INC., WAL-MART LOUISIANA, LLC WAL-MART REAL ESTATE BUSINESS TRUST & MARVIN DOE | STATE OF LOUISIANA |

## REQUEST FOR NOTICE

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are hereby requested to give us written notice, by mail, ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, rules or the merits thereof.

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are also requested to send us immediate notice of any order of judgment made or rendered in this case, upon entry of such order of judgment.



FILED
2020 FEB 13 A 11: 25
s/Jacelyn C. Tatten
DY CLERK-EX OFFICIAL
IBERVILLE, LOUISIANA

Page 7 of 7

EXHIBIT A