UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN B. PITRE                                    CIVIL ACTION NO.

VERSUS                                              20-607-SDD-EWD

WALMART INC., ET AL.

## RULING

Plaintiff Steven B. Pitre, who is now representing himself, has failed to comply with multiple Court orders and has failed to take any step in the prosecution of this matter in over six months. Plaintiff's claims against Walmart Inc. (f/k/a Wal-Mart Stores, Inc.); Wal-Mart Louisiana, LLC; and Wal-Mart Real Estate Business Trust (collectively, "Defendants") will be dismissed without prejudice on the Court's own motion for failure to comply with Court orders and for failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rule 41(b)(1)(C).

**I.    BACKGROUND**

Plaintiff originally filed this suit in Louisiana state court on February 13, 2020.[1] Defendants removed this action on September 11, 2020, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332 once the citizenship of "Marvin Doe," a fictitiously named defendant, was disregarded under 28 U.S.C. § 1441(b)(1).[2]

On October 13, 2020, Plaintiff filed a *Motion to Remand*, arguing, among other things, that "Marvin Doe" is not a fictitious person whose citizenship is disregarded for diversity purposes under § 1441(b)(1) and thus, he is not improperly joined, such that his

---

[1] R. Doc. 1-2.
[2] R. Doc. 1, ¶¶ 15-16.

presence destroys complete diversity.[3] Defendants opposed the *Motion to Remand*.[4] On August 5, 2021, the Magistrate Judge held a telephone conference with the parties to discuss the *Motion to Remand*.[5] Following the telephone conference, Plaintiff was ordered to file either: (1) a motion to withdraw Plaintiff's *Motion to Remand*, along with an incorporated request for a status conference, or (2) a supplemental memorandum in support of the *Motion to Remand* that discussed and distinguished the cases referenced in the minutes from the telephone conference (or that presented a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law as required by Fed. R. Civ. P. 11(b)(2)), by no later than August 16, 2021 (the "August 6 Order").[6]

Plaintiff filed neither. Instead, on August 12, 2021, Plaintiff's counsel filed a *Motion to Withdraw as Co-Counsel of Record with Incorporated Requests for Stay and Status Conference* ("*Motion to Withdraw*"), citing fundamental and irreconcilable differences with their client as to the handling of the case.[7] As to compliance with the Court's August 6 Order, counsel stated that they are essentially 'caught between a rock and hard place' as "[a]ny action and/or inaction by undersigned co-counsel in contravention of the express commands of either this Court or Plaintiff exposes undersigned co-counsel to contempt, discipline, and/or liability. Furthermore, any action and/or inaction by undersigned co-counsel necessarily impinges upon Plaintiff's claims, defenses, and interest, as well as the ongoing viability of Plaintiff's case."[8] The *Motion to Withdraw* was heard, via Zoom,

---

[3] R. Doc. 4.
[4] R. Doc. 6. As the Magistrate Judge explained, "Marvin Doe" is a quintessentially fictitious name such that this defendant's citizenship must be disregarded for diversity jurisdiction purposes. While Plaintiff argued that someone named "Marvin Kinchen" was served with citation and a copy of the Petition, Plaintiff had not sought leave to amend the Petition to name this person as a defendant. R. Doc. 10, pp. 1-2.
[5] R. Docs. 9, 10.
[6] R. Doc. 10.
[7] R. Doc. 11.
[8] *Id.*, at ¶ 6.

on August 20, 2021, during which the Magistrate Judge denied the motion for lack of good cause as to Mr. Marionneaux but granted Plaintiff's counsel's oral motion to extend the deadline to comply with the August 6 Order.[9] Plaintiff was ordered to respond to the August 6 Order by no later than August 27, 2021.

On August 26, 2021, Plaintiff filed a *Motion to Withdraw Plaintiff's Motion to Remand*, which was granted.[10] Plaintiff also filed a *Motion for Leave to File Amended and Supplemental Complaint* ("*Motion for Leave*") on that date, seeking leave to amend his *Petition* "to bring [it] into conformity with the Federal Rules of Civil Procedure" and because "Plaintiff has learned the name of the employees previously identified…as 'Marvin Doe'" through "discovery and investigation."[11] Defendants opposed the *Motion for Leave*.[12]

While the *Motion for Leave* was pending, Plaintiff's counsel filed a second *Motion to Withdraw as Counsel of Record* ("*Second Motion to Withdraw*").[13] The *Second Motion to Withdraw* was set for a hearing, via Zoom, before the Magistrate Judge, and Plaintiff was advised that his presence at the hearing was "required."[14] The hearing was held on February 22, 2022, but, despite the Court's order requiring his appearance, Plaintiff did not appear at the February 22 hearing, nor did he contact the Court to request that the

---

[9] R. Doc. 13. Plaintiff personally appeared at the August 20 hearing. *Id*.
[10] R. Docs. 16, 19.
[11] R. Doc. 17. Specifically, per the proposed *First Amended and Supplemental Petition/Complaint*, attached to the *Motion for Leave*, Plaintiff seeks to add Marvin Kinchen and Carl Johnson as defendants. Messrs. Kinchen and Johnson are both alleged (1) to be "domiciled" in Louisiana and (2) to be "employees of Wal-Mart at the time of the incident," who, "acting in the course and scope of their employment" with Defendants, "assisted [Plaintiff] at the time [he] purchased the subject bicycle." *See* R. Doc. 17-2.
[12] R. Doc. 20.
[13] R. Doc. 21.
[14] R. Doc. 22.

3

hearing be rescheduled or otherwise indicate that he could not appear as ordered.[15] As a result of the hearing, the Magistrate Judge granted the *Second Motion to Withdraw* and instructed the Clerk of Court to terminate Robert M. Marionneaux, Jr. and Brant M. Mayer as counsel of record for Plaintiff.[16] Because this left Plaintiff unrepresented, the Magistrate Judge's Order advised Plaintiff of his obligations in this matter and advised that his "**claims may be subject to dismissal…for failure to comply with this Order, failure to comply with or respond to future Orders, and/or failure to otherwise comply with the applicable rules governing this case**."[17]

On March 16, 2022, Plaintiff's *Motion for Leave* was denied without prejudice, but Plaintiff was given until April 13, 2022 to file a renewed motion, provided it complied with the body of the March 16 Order.[18] Plaintiff was again advised of his obligations in this case and warned that his "**claims may be subject to dismissal without further notice for failure to comply with this Order, failure to comply with or respond to future Orders, and/or failure to otherwise comply with the applicable rules governing this**

---

[15] R. Doc. 23. During the hearing, Plaintiff's counsel confirmed that he provided Plaintiff with the Notice and Order setting the February 22 hearing and the participation instructions for the hearing via certified mail, return receipt requested. Counsel also explained that while his office does not have an email address for Plaintiff, they attempted to notify Plaintiff of the hearing multiple times via phone, including immediately before the hearing, but were unable to do so because Plaintiff did not answer and has not set up (or does not have) voicemail. *Id.*
[16] *Id.*
[17] *Id.* at p. 3 (emphasis in original) The February 24, 2022 Order was sent to Plaintiff at his current address of record, via regular and certified mail, return receipt requested, but the certified mail was returned "unclaimed – unable to forward." R. Doc. 27.
[18] R. Doc. 25. The Order denying the motion explained that the motion was deficient in several ways, including (1) by failing to "state the grounds" for the motion and/or to "cite any applicable rule, statute, or other authority justifying the relief sought" and/or whether any party opposed the relief sought as required by Local Civil Rule 7(e); (2) by failing to address the standard applicable to joining additional defendants after removal whose presence would destroy subject matter jurisdiction under 28 U.S.C. § 1447(e) and relevant case law (*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)); and (3) by failing to attach a proposed pleading that is comprehensive. *Id.*

**case**."[19]

On May 19, 2022, the Magistrate Judge issued a *Scheduling Conference Order*, which required the parties to file a *Status Report* by no later than June 9, 2022.[20] No *Status Report* was filed by that date, so Plaintiff was ordered to appear and show cause at a June 28, 2022 hearing, via Zoom, as to why his claims should not be dismissed for failure to comply with Court orders under Fed. R. Civ. P. 41(b).[21] Plaintiff was warned a third time that "**failure to attend the scheduled hearing may result in the dismissal of this case without further notice**."[22] The *Minutes* from the June 28 hearing reflect that Plaintiff did not appear as ordered, despite notice and the Magistrate Judge holding the hearing open for fifteen (15) minutes.[23]

On August 8, 2022, Defendants filed a *Motion to Dismiss Due to Plaintiff's Failure to Comply with Order of the Court*.[24]

## II.  LAW AND ANALYSIS

Pursuant to Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This Court also has the authority to dismiss an action

---

[19] *Id*., at p. 7 (emphasis in original). The March 16 Order was sent to Plaintiff at his current address of record, via regular and certified mail, return receipt requested, which was received by Plaintiff as reflected by his signature on the green card. R. Doc. 26.
[20] R. Doc. 30. The *Scheduling Conference Order* was sent to Plaintiff at his current address of record, via regular and certified mail, return receipt requested, which was received by an individual unknown to the Court as reflected by illegible signature on the green card. R. Doc. 31.
[21] R. Doc. 32. The *Order to Show Cause* was sent to Plaintiff at his current address of record, via regular and certified mail, return receipt requested, which was received by Plaintiff as reflected by his signature on the green card. R. Doc. 33.
[22] R. Doc. 32 (emphasis in original).
[23] R. Doc. 34.
[24] R. Doc. 35. While the Defendants' motion has merit, it does not appear from the docket that Plaintiff was served with the motion as required by Fed. R. Civ. P. 5(b). Defendants' motion only certifies service from the Court's CM/ECF system, which Plaintiff, as an unrepresented party who had not signed up for enoticing, would not have received.

for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*.[25] Additionally, under Local Civil Rule 41(b), this Court may dismiss an action for "lack of prosecution…(C) [w]here a cause has been pending six months without proceedings being taken within such period…"

While dismissal is a serious sanction, it is warranted in this case. Plaintiff filed this suit over two years ago. Since his counsel withdrew from this case in February 2022 and his *Motion for Leave* was denied in March 2022, Plaintiff has not taken any action in the suit, including (1) failing to comply with the Court's March 16 Order to file any renewed motion for leave to amend on or before April 13, 2022, and (2) failing to comply the Court's *Scheduling Conference Order* by filing a *Status Report* on or before June 9, 2022.[26] Additionally, more than fourteen days have elapsed since the mailing of the Court's June 14, 2022 show cause order to Plaintiff giving him notice as required by Local Civil Rule 41(b)(2), but there has been no response from Plaintiff, nor has Plaintiff contacted the Court to advise that he was unable to attend.[27] Indeed, Plaintiff failed to attend the June 28 show cause video hearing, despite being ordered to appear and an explicit warning that this action could be dismissed if Plaintiff failed to appear. Lastly, Plaintiff has not contacted the Court or filed anything into the record to explain his failure to participate in the case or to respond to Court orders, despite being warned repeatedly that failure to

---

[25] *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31 (1962); *Curtis v. Quarterman*, 340 Fed. Appx. 217, 217–18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action sua sponte in the absence of a motion by the defendant."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b)).
[26] *See* R. Docs. 25, 30.
[27] The docket indicates that the certified mail return receipt was delivered to 24550 Enterprise Blvd., Plaquemine, Louisiana 70764 on June 22, 2022. R. Doc. 33. That is the address provided by Plaintiff's counsel during the hearing on the *Second Motion to Withdraw*. R. Doc. 23.

6

appear and/or failure to comply with Court orders could result in dismissal of his claims, notwithstanding that the return receipts for at least some of the orders appear to have been signed by Plaintiff.

As a practical matter, this case cannot proceed against Defendants if Plaintiff does not prosecute it or respond to the Court's orders. Plaintiff's failure to prosecute his claims effectively deprives Defendants of the opportunity to bring this case to a resolution. Accordingly, because Plaintiff has failed to prosecute this action, has failed to comply with multiple Court orders, and failed to appear at the June 28 show cause hearing, dismissal is warranted in this case to prevent further delay and to avoid unnecessary congestion of the Court's docket.[28]

## III.  ORDER

For the reasons set forth above,

**IT IS HEREBY ORDERED** that all claims of Plaintiff Stephen B. Pitre are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with multiple Court orders under Fed. R. Civ. P. 41(b) and Local Rule 41(b)(1)(C).

**IT IS FURTHER ORDERED** that Defendants' *Motion to Dismiss Due to Plaintiff's Failure to Comply with Orders of the Court*[29] is **TERMINATED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Ruling to Plaintiff Steven B. Pitre by regular and certified mail, return receipt requested, at his current address of record: 24550 Enterprise Blvd., Plaquemine, LA 70764.

Signed in Baton Rouge, Louisiana on March  28th , 2023.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[28] *See Link*, 370 U.S. at 630–31.
[29] R. Doc. 35.